## HOOD *vs.* THE STATE.

[INDICTMENT FOR PERJURY.]

44    81|
129    71|

1. *Judgment, motion in arrest of; must be disposed of, in criminal case, before sentence.*—In a criminal case, a motion in arrest of judgment must be finally disposed of—it must be overruled or allowed—before the court proceeds to pronounce sentence against the accused.
2. *Perjury; when can not be charged on affidavit for attachment.*—Perjury can not be charged on an affidavit, made before the clerk of the circuit court for the issuance of an attachment, unless the affidavit asserts the facts required by the statute authorizing the process, and these statutory facts are alleged to be false.
3. *Perjury; definition of.*—Perjury is a corrupt, willful, false oath taken in a judicial proceeding in regard to any matter or thing material to a point involved in the proceeding. The advice of the attorney who prepared the oath and advised the accused to take it, is competent to show what was said and done at the time the oath, alleged to be false,

was sworn to, for the purpose of showing an absence of corrupt intent, or that the accused was misled or mistaken.

4. *Same.*—Generally, an oath to sustain a charge of perjury must not only be untruthful, but it must also be corrupt, unless the statute otherwise directs.

APPEAL from the Circuit Court of Pickens.
Tried before Hon. L. R. SMITH.

The indictment in this case charges, " that before the finding of this indictment, Jerry Hood, (f. m.,) on application for suing out an attachment in a civil action in the circuit court of Pickens county, in which one Thomas J. Coleman was defendant, and said Jerry Hood, (f. m.,) plaintiff, being duly sworn by the clerk of said court who had authority to administer such oath, falsely swore that he had reason to believe that said crops, cultivated as aforesaid, would be removed from the premises where they were grown, without full payment of all wages due affiant as said laborer, for his said services, without his consent ; the matter so sworn to being material and authorized by law, and the oath of said Jerry Hood, (f. m.,) in relation to such matter, being willfully and corruptly false," against the peace, &c.

The defendant pleaded not guilty, went to trial on that plea, and was found guilty " in manner and form as charged in the indictment."

On the trial, as shown by the bill of exceptions, it having been proven on the part of the State, among other things not material to an understanding of the points here decided, that the affidavit was read over and explained to said Jerry Hood, by his attorney, before the same was subscribed, the defendant offered to prove, " as a part of the *res gestœ* of the affidavit, that the legal adviser and attorney-at-law of the defendant, who drew the said affidavit, bond and writ of attachment, advised the defendant, when he was about to make said affidavit, that he might properly - do so ;" but the court refused to receive the evidence, and the defendant excepted.

After the accused was convicted, but before sentence was passed upon him, as appears from the judgment entry, the

accused, on "being brought before the court to receive his sentence, and being asked if he has any reason why the sentence of the court shall not be passed upon him, whereupon he answers the error assigned in his motion for the arrest of sentence of judgment; which motion is by the court continued, and the defendant is sentenced as follows: [Here follows sentence of imprisonment in penitentiary.]"

The errors assigned are—

" 1. The indictment is defective.

" 2. The court erred, as shown in the bill of exceptions.

" 3. The court erred in passing sentence.

" 4. The court erred in passing sentence without first deciding the motion in arrest of judgment.

" 5. The court erred in the judgment rendered."

TERRY & WILLETT, and A. J. WALKER, for appellant.— I. The indictment in this case was defective for the following reasons: 1. The statute, (§ 558) following the common law, requires that the oath should be material and should be authorized by law. The form given in the Revised Code (see Form No. 45, p. 812,) shows, that the necessity of a legal averment of the facts, that the oath was material, and was authorized by law, are not dispensed with. On the contrary, the form contemplates a statement of the facts.

2. The indictment neither shows, *from the facts*, that the affidavit was material, nor that it was authorized by law. It is true, the indictment says in words that the affidavit was material and authorized by law. This, however, is only the statement of a legal conclusion, which is not a legitimate mode of pleading, and can not be tolerated unless expressly authorized by the Code. This the Code does not do, because in the prescribed form it expressly requires a statement of the facts. These facts, from which the materiality of the oath and its authorization by law might be inferred, are not stated.

3. It does not appear what the object of the attachment was. It may have been, as far as the indictment discloses, for the collection of an ordinary debt, and the matter of the removal of the crop covered by the indictment may

have been utterly immaterial. In criminal pleading, things are not to be taken by intendment.

II. The attachment affidavit can be referred, if we resort to intendment only, to the act of 10th October, 1868.— Pamphlet Acts, p. 252. Under this act it is perfectly clear, that the oath does not seem to have been material, or authorized by law, for the following reasons, viz:

1. The act of 10th October, 1868, very clearly contemplates that the oath shall be *on affidavit— that is, that it shall be in writing.* Such a thing as the issue of an attachment without a written oath is unknown in the jurisprudence of Alabama. The affidavit is a paper in the cause, and may be the predicate of proceedings in the cause. Now, from the indictment, it does not appear that anything more than a mere verbal oath was ever taken by the defendant. If so, it was utterly immaterial. The oath, if not in writing, was not material and was not authorized by law.

2. The oath, if in writing, is utterly immaterial.

3. The *belief* of the party was altogether immaterial upon the question of issuing an attachment. The act requires a positive oath in writing. But this oath was not, even according to the indictment, a statement of a belief of the party, but a statement that he had reason to believe. That the party had reason to believe, is no ground of attachment, and is not recognized in the statute, and was utterly immaterial. To sustain this indictment, it is necessary to maintain the proposition, that the defendant is responsible criminally for the clerk's ignorance of law.

The indictment, in speaking of "cultivated as aforesaid," is simply nonsense.

III. One of the questions of the case was, whether the false swearing was willful and corrupt? The declarations of the defendant, at the time he took the oath as to his belief and the grounds of that belief, were certainly a part of the *res gestæ,* and should have been admitted upon the question of the intent with which the oath was taken, whether its falsehood was willful and corrupt or not. Especially is this proposition true, when the affidavit was not as to a matter of fact, but as to the belief of the accused.

IV. The court certainly did wrong to continue the mo-

tion in arrest of judgment and still sentence the prisoner to the penitentiary. The record shows that the prisoner made a motion in arrest, and that the motion was continued. The effect of the motion in arrest was to continue the case *sub judice*. The prisoner had a right to make the motion, and to have it decided. The court had no right, pending that motion and without deciding it, to sentence the prisoner. It is as if a man were found guilty of a capital offense, and hung pending the consideration of a motion in arrest. It amounts to the passage of sentence before the trial is terminated. This action of the court, in sentencing a man pending his motion in arrest, is absolutely monstrous.

JOSHUA MORSE, Attorney-General, *contra*.

PETERS, J.—The constitution of this State forbids that any person shall " be deprived of his life, liberty or property, but by due course of law."—Con. Ala. 1867, art. I, § 7. Due course of law, in this sense, means that every person who is charged with an offense, shall be charged and tried as required by the laws of the land, and not otherwise. And for this purpose, in a criminal prosecution, the record must show that the accused is charged with an indictable offense according to the forms of law, and that his trial has been conducted as the practice, required by the law, prescribes. If these requisites, on the face of the record, appear to be wanting, it is the duty of the court to refuse to give judgment, on motion pointing out the deficiencies. This is called a motion in arrest of judgment. And the effect of such a motion, if granted, is to set aside all the proceedings in the case, and allow a judgment of acquittal to be entered. This motion can not be made before the verdict, nor can it be made after the sentence. It, therefore, comes properly between the verdict and the judgment of condemnation ; and it must be decided before the sentence is pronounced. It can not, therefore, be continued until after sentence.—1 Chitty's Crim. Law, 661 ; 1 Bish. Crim. Proc. p. 850, § 850, *et seq.* The constitution and the statute law recognize the right of the accused to have the judgment

against him arrested, as one of his means of defense, and it is error improperly to defeat its effect.—Const. Ala. 1867, art. I, § 7 ; Rev. Code, § 4146. It may be said, that to continue such a motion until after sentence is pronounced is tantamount to its refusal, and that it ought to be so treated. Such is not the legitimate effect of a continuance. It is an order intended to keep the proceeding before the court for future disposition, not an order of final disposition. To treat it otherwise, would lead to confusion.—1 Chitty's Pl. 421, note ; 3 Black. Com. 316.

This might be sufficient to dispose of this case and send it back to the circuit court for a new trial. But there is another question which arises on the record, that will be important on a new trial ; that is, the sufficiency of the charge alleged in the indictment, and the materiality of certain testimony offered by the accused in the court below, in explanation of his act in taking the oath.

Perjury is a corrupt, willful, false oath, taken in a judicial proceeding, in regard to a matter or thing material to a point involved in the proceeding. This oath must be taken before some officer or court having authority to administer it. This is a statutory proceeding, and the affidavit required is a statutory oath. This is the oath that the clerk is authorized to administer. His powers are not general, but special, and he can not exercise a broader jurisdiction than is conferred upon him by the statute.—Revised Code, §§ 680, 645, 771 ; Pamph. Acts 1868, page 252. The clerk has no power to construct a new oath, different from that prescribed by the statute. He must confine his action to the authority thus given.

The act prescribes that certain facts shall exist, and that affidavit of " either " of these facts being made, and bond given, or affidavit of the plaintiff's inability to give such bond being also made, the attachment shall at once issue. The affidavit made by the accused, for the falsehood of which he is indicted, is quite different from the one required and authorized by law. It is an affidavit that the affiant "had reason to believe " that certain crops *would* be removed from certain premises, without full payment of certain wages, without affiant's consent. This was no grounds

upon which an attachment could issue. It is not the oath required by the statute. The facts upon which an attachment could issue, as required by the statute, are the actual removal of the crops or a portion of them, or the act of being about to remove them or a part of them; the non-payment of wages owing to the laborer, and the removal or attempt to remove them or a part of them without his consent; and not his mere belief of such facts. Such an affidavit may possibly be amended so as to make it conform to the requirements of the law, but until it is so amended, its allegations and statement of facts, though untruthful, can not be regarded as material to the proceedings in such sense as to support a charge of perjury.—Revised Code, §§ 2989, 2990.

Evidence of the advice of the attorney of Hood, at the time the affidavit was drawn and sworn to, was competent to show the absence of corrupt motive. It was competent to show that the accused might have been thus led into a mistake. Then the oath, though untruthful, could not have been perjury.—*The State v. Lea*, 3 Ala. 602; 2 Hawkins' Cr. Pl. b. I, ch. 69, § 2, p. 8, (7th London ed.) The court erred in rejecting it, as shown in the bill of exceptions. I may also add, that it admits of grave doubt whether the indictment in this case is sufficient.—Rev. Code, § 4139.

The judgment of the circuit court is therefore reversed, and the cause is remanded for further proceedings in the court below, in conformity with this opinion. The accused, Jerry Hood, will be held in custody until discharged by due course of law.