THOMAS *v.* STATE.

Decided June 13, 1891.

*Perjury—Indictment—Negative pregnant.*

> An indictment for perjury which charges that defendant made affidavit to having furnished a certain article for the county, and alleges that he did not make and furnish it, is insufficient; the averment that he did not "make and furnish" is by implication an admission that he did "furnish."

ERROR to *Randolph* Circuit Court.

JAMES W. BUTLER, Judge.

*P. H. Crenshaw* for appellant.

*W. E. Atkinson,* Attorney General, and *Chas. T. Coleman* for appellee.

1. The common law recitals and details are not now required in indictments for perjury. 24 Ark., 594. The indictment contains the requisites laid down in the rule in the above case, the false swearing, the intent, the authority of the officer, the materiality and the facts showing the falsification. It put defendant on notice of what crime he was charged, stating with certainty time, place and circumstances.

MANSFIELD, J. The only question presented by this record is, whether the indictment on which the appellant was convicted of perjury is sufficient. After the usual formal commencement the indictment alleges: That the defendant made out and presented to the county court of Randolph county an account against that county for a coffin "furnished as alleged" by the defendant for the burial of the body of Elijah Johnson, a pauper; that, in proof of said account, the defendant "did swear, verify and make oath" before the county clerk, who it is alleged had "lawful au-

thority to administer said oath, and to swear the said R. F. Thomas to the truth and justness of said account." The matter sworn to and its falsification are then stated as follows : " He, the said R. F. Thomas, then and there and therein did feloniously, wilfully, knowingly and corruptly swear and make oath and affidavit as aforesaid that said account was just and true, and that the item of said coffin furnished as alleged in said account was just and true, while in fact and in truth the said R. F. Thomas did not make, furnish and supply said coffin for the burial of the body of the said Elijah Johnson, deceased, and that said oath and affidavit was then and there material to the issue and to the item for said coffin, as charged in said account, and that the said oath and affidavit was then and there feloniously, wilfully, corruptly and knowingly false. Against the peace, etc." The court overruled a demurrer to the indictment, and after verdict against the defendant denied his motion in arrest of judgment.

The wilful and corrupt swearing falsely to any affidavit authorized by law to be taken before any officer, it is declared by a statute of this State, shall be deemed perjury. (Mansf. Dig., sec. 1704.) The same statute provides that, in indictments for perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with proper averments falsifying the matter wherein the perjury is charged. (*Ib.*, sec. 1705.) Under this statute it is not necessary to state the form of the oath under which it is alleged the offense was committed. But where the prosecution is based upon section 1704, *supra*, it is essential to allege that the " affidavit, deposition or probate " was such as the law authorizes. In this case it is alleged that the oath was made to verify and prove a claim made out against the county. The statute (Mansf. Dig., sec. 1412) requires such an oath to be by affidavit—that is, to be made in writing. In the first sentence of the indictment it is averred

that the defendant, in proof of the account presented to the county court, " did swear, verify and make oath before one W. T. Bispham, clerk," etc.; and in the next succeeding sentence it is stated that the defendant made " oath and affidavit as aforesaid that said account was just," etc.   The indirect method by 'which it is thus averred that the oath taken before the clerk was to an affidavit, is, to say the least, objectionable.   And upon the authorities it may well be questioned whether the indictment is not insufficient because of its failure to state that the affidavit was in writing.   See 2 Bishop, Cr. Pro., sec. 912, note 6; *Copeland* v. *State*, 23 Miss., 257; *People* v. *Robertson*, 3 Wheeler, Cr. Cas., 180; 2 Wharton, Prec., 590–591.   But, passing the question here suggested, a more serious objection to the indictment arises out of the manner in which it assigns perjury upon the matter sworn to.

Sufficiency of indictment for perjury.

An assignment of perjury must specifically, directly and without uncertainty of meaning designate the particulars wherein the matter sworn to was false.   And it is not sufficient merely to say that the oath or affidavit was false.   2 Bishop, Cr. Pro., sec. 918.   That the statute referred to above (sec. 1705) has not changed or relaxed this rule, will appear from the decisions of this court in the cases of *State* v. *Green*, 24 Ark., 591, and *Thomas* v. *State*, 51 Ark., 138.

The only item of the account specified in the indictment as the matter to which the affidavit of the defendant related was for a coffin " furnished."   And the matter thus sworn to, as it is here stated, was "that the item of said coffin furnished, as alleged in said account, was just and true."   The pleader undertakes to negative this by stating that the defendant " did not make, furnish and supply said coffin." The terms "furnish and supply" are evidently used in the same sense, and the latter may therefore be treated as surplusage.   But the term "make" has a meaning widely different.   And the fact that the coffin was not made by the defendant, is perfectly consistent with the statement contained in his affidavit that he furnished it.   That the article

was furnished, is the only fact to be negatived; and if this were properly done, the indictment would not be vitiated by the denial of a matter not charged to have been sworn to. But when it alleged that the defendant " did not make, furnish and supply," this is equivalent to saying that he did not make and furnish. And this form of denial, according to a rule of construction which has often been applied to pleadings in civil proceedings, is by implication an admission that the coffin was furnished. *Schaetzel* v. *Insurance Co.*, 22 Wis., 412; *Baker* v. *Bailey*, 16 Barb., 54; *Feely* v. *Shirley*, 43 Cal., 369; *Larney* v. *Mooney*, 50 Cal., 610. In other words the indictment may be fairly taken to allege only that the defendant did not furnish a coffin made by himself. But there is no allegation that he had sworn that he made it, and whether he did so or not was therefore a matter wholly immaterial. It may be said that the indictment should be read as if it stated that the defendant " did not make or furnish " the coffin mentioned in his affidavit. In some written instruments " and " has been held to mean " or " where, as it is expressed, " reason and the intent of the parties require it." 1 Burrill's Law Dic., 98. But we know of no authority for resorting to such liberality of construction in aid of the defective allegations of a criminal pleading. *State* v. *Railroad Co.*, *ante*, p. 546; *Thomas* v. *State*, 51 Ark., *supra*. We think the indictment against the appellant was not sufficient. The judgment is therefore reversed, and the cause remanded with instructions to the court below to sustain the demurrer.