STATE *vs.* RICHARD ELA.

Sagadahoc.    Opinion January 26, 1898.

</div>

*Indictment.    Pleading.    Perjury.    R. S., c. 122, §§ 4, 5.*

While the statute relating to indictments for perjury requires only the allegation of materiality, yet if the recited testimony in an indictment for perjury is clearly not material, *held;* that the indictment will be bad.

When such an indictment alleges a thing to be material, and shows on its face that it is not material, *held;* that the allegation of materiality, although in the words of the statute, cannot save the indictment.

In an indictment for perjury, the common law requires that there must be some proceeding, matter or thing to which the oath was taken; and such an indictment must set forth the issue in which an alleged false affidavit was made, as well as the character and the jurisdiction of the court or magistrate. *Held;* that an indictment for perjury is bad which fails to set forth the issue between the parties in which the affidavit was made or does not show the materiality of the testimony.

The defendant was indicted for making a false affidavit to the effect that he had made a careful search among his own papers, etc. The indictment contained no assignment of perjury of any part of the affidavit, but charged the whole to be false and the whole to be material. *Held;* that it cannot all be false. If no search was made then it is true that nothing was found. If search was made, and the papers were found, which the defendant denied, then the affidavit was true in part and false in part. *Held;* that the allegation of falsehood in its entirety is contradictory.

Several assignments may be made, and if one is sustained by the proof, a conviction may follow; but each assignment must be specific.

The defendant was indicted for making a false affidavit and the perjury assigned in one clause was as follows:—" I cannot take a single step in making more definite account." The indictment further showed that the defendant was not a party to the proceeding,— being the settlement of an account in probate,— and therefore could not render an account. *Held;* that the indictment is bad. There is no allegation in this count from which the court can see its materiality to the issue, whatever it was, then pending.

ON EXCEPTIONS BY DEFENDANT.

This was an indictment for perjury, containing three counts, found by the grand jury of this court sitting below at Bath, County of Sagadahoc, on the third Tuesday of August, A. D. 1895. The indictment is as follows:— . . . . "that Richard Ela of Cambridge, in the County of Middlesex and Commonwealth of Massachusetts, on the first day of April in the year of our Lord one thousand eight hundred and ninety, at Bath, in the said county of Sagadahoc, before William T. Hall, judge of the court of probate, within and for the said county of Sagadahoc, then and there having competent authority to administer oaths, appeared as a witness in a proceeding in which Alfred Ela and Lucia Ela were parties then and there being heard before a tribunal of competent jurisdiction, to wit: said court of probate, and then and there committed the crime of perjury by testifying as follows:

"I (meaning the said Richard Ela) have made careful search among my own papers and those of Lucia Ela, and have been unable to find a single book or paper referring in the least to the matter, except the papers on file in the probate court here and a paper, 'Cambridge, Nov. 27, 1882. In consideration of one dollar to me in hand paid, I hereby release Lucia Ela of Cambridge, from all claims of every nature which I have against her as guardian.

Witness my hand and seal, Alfred Ela, (seal).' And one other paper in two parts preliminary to above. I (meaning the said Richard Ela) cannot take a single step, (meaning any action whatsoever) in making more definite account. Which said testimony was material to the issue then and there pending in said proceeding, and was untrue and false, as the said Richard Ela then and there well knew, against the peace of the said State and contrary to the statute in such case made and provided."

"And the jurors aforesaid upon their oath aforesaid do further present that Richard Ela of Cambridge in the county of Middlesex and Commonwealth of Massachusetts on the first day of April, in the year of our Lord one thousand eight hundred and ninety at Bath, in the said county of Sagadahoc, before William T. Hall, judge of the court of probate, within and for the said county of Sagadahoc, then and there having competent authority to administer oaths, appeared as a witness in a proceeding in which Alfred Ela and Lucia Ela were parties, then and there being heard before a tribunal of competent jurisdiction, to wit: said court of probate, and then and there committed the crime of perjury, by falsely, willfully and corruptly swearing, upon oath, then and there taken before the said judge then and there presiding, in the proceeding aforesaid, to the truth of the contents of a certain writing signed by the said Richard Ela, dated Bath, Maine, April first, A. D. 1890, and purporting to be an affidavit, which said writing was then and there used in said proceeding, and which said writing was as follows: Bath, Maine, April 1, 1890. I have made careful search among my own papers and those of Lucia Ela, and have been unable to find a single book or paper referring in the least to the matter except the papers on file in the probate court here, and a paper, 'Cambridge, Nov. 27, 1882. In consideration of one dollar to me in hand paid, I hereby release Lucia Ela of Cambridge, from all claims of every nature which I have against her as guardian, witness my hand and seal, Alfred Ela (seal)', and one other paper in two parts preliminary to above. I cannot take a single step in making more definite account. Richard Ela."

"Wherein, in said writing, the statement: 'I have made care-

ful search among my own papers and those of Lucia Ela and have been unable to find a single book or paper referring in the least to the matter except the papers on file in the probate court here, and a paper, 'Cambridge, Nov. 27, 1882. In consideration of one dollar to me in hand paid, I hereby release Lucia Ela of Cambridge, from all claims of every nature which I have against her as guardian. Witness my hand and seal, Alfred Ela (seal) ', and one other paper in two parts preliminary to above, was material to the issue then and there pending in said proceeding, and was untrue and false, as the said Richard Ela then and there well knew, against the peace of the said State and contrary to the statute in such case made and provided."

" And the jurors aforesaid upon their oath aforesaid do further present that Richard Ela of Cambridge in the county of Middlesex and Commonwealth of Massachusetts on the first day of April in the year of our Lord one thousand eight hundred and ninety at Bath, in the said county of Sagadahoc, before William T. Hall, judge of the court of probate, within and for the said county of Sagadahoc, then and there having competent authority to administer oaths, appeared as a witness in a proceeding in which Alfred Ela and Lucia Ela were parties then and there being heard before a tribunal of competent jurisdiction, to wit: said court of probate, and then and there committed the crime of perjury by falsely, willfully and corruptly swearing, upon oath then and there taken before the said judge, then and there presiding, in the proceeding aforesaid to the truth of the contents of a certain writing signed by the said Richard Ela, dated Bath, Maine, April first, A. D. 1890, and purporting to be an affidavit which said writing was then and there used in said proceeding and which said writing was as follows:

Bath, Maine, April 1, 1890.

I have made careful search among my own papers and those of Lucia Ela and have been unable to find a single book or paper referring in the least to the matter except the papers on file in the probate court here, and a paper 'Cambridge, Nov. 27, 1882, in consideration of one dollar to me in hand paid, I hereby release

Lucia Ela of Cambridge from all claims of every nature which I have against her as guardian. Witness my hand and seal, Alfred Ela (seal) and one other paper in two parts preliminary to above. I cannot take a single step in making more definite account, Richard Ela.'

"Wherein in said writing, the statement: 'I cannot take a single step in making more definite account,' was material to the issue then and there pending in said proceeding, and was untrue and false as the said Richard Ela then and there well knew, against the peace of the State, etc."

The defendant demurred to the indictment, and the demurrer having been overruled he was allowed his bill of exceptions, in which it was stipulated that he might plead over if the exceptions should be overruled.

*Grant Rogers*, County Attorney, for State.

*Charles A. True*, for defendant.

SITTING: EMERY, FOSTER, WHITEHOUSE, STROUT, SAVAGE, JJ.

STROUT, J. This indictment contains three counts. The first charges oral perjury in testifying before the Probate Court. The other two charge perjury in swearing to the truth of a paper signed by the defendant. The first count follows substantially the form given in R. S., c. 122, § 4, which was held good in *State* v. *Corson*, 59 Maine, 139. It charges that the testimony was material to the issue then pending. But the count alleges that the parties to this proceeding were Alfred Ela and Lucia Ela. The testimony complained of was, that the defendant had made search among his own papers and those of Lucia Ela, and found no book or paper relating to the matter, except two mentioned. It does not appear how a search by a stranger for papers could be material to an issue between two other parties. Defendant was not a party to the proceeding in court. Why should he search for papers, among his own or those of another party? Of what consequence could it possibly be to the litigant parties whether he searched or did not search, whether he found or did not find papers desired by them?

To constitute perjury the testimony must be material to the issue. While the statute requires only the allegation of materiality, yet if the recited testimony is clearly not material, the indictment defeats itself. It alleges a thing to be material, and shows on its face that it is not material. The allegation of materiality, though in the words of the statute, in such a case cannot save the indictment. This count is therefore bad.

The other two counts relate to an affidavit of defendant and are drawn under R. S., c. 122, § 5. The form there provided has been held insufficient by this court in *State* v. *Mace,* 76 Maine, 64. The remedial statute of 23 George 2, c. 11, has not been adopted in this state. *State* v. *Hanson,* 39 Maine, 339.

These counts therefore must be sustained, if at all, at common law. By the common law, " there must be some proceeding, matter or thing to which the oath was taken; and by the common law the indictment must set it forth, so as to exhibit its character and the jurisdiction of the court or magistrate." *State* v. *Hanson,* supra; *Com.* v. *Knight,* 12 Mass. 274.

It must also set forth enough of the issue between the parties to show the materiality of the testimony. *Com.* v. *Johns,* 6 Gray, 275 ; *People* v. *Fox,* 25 Mich. 492 ; *Com.* v. *Byron,* 14 Gray, 31; *Beecher* v. *Anderson,* 45 Mich. 552. See form of indictment at common law in Archbold's Cr. Pr. & Pl. vol. 2, p. 967. Nothing appears in either of these counts from which the court can see what the issue was from which to judge of the materiality of the affidavit.

The second count contains no assignment of perjury of any part of the affidavit, but charges the whole to be false and the whole to be material. It cannot all be false. If no search was made, then it was true that nothing was found. If search was made, and papers were found, which the affiant denied, then the affidavit was true in part and false in part; but the allegation is of falsehood in its entirety, which is contradictory. It does not inform the defendant whether the alleged fact of search or of not finding is to be relied on. There should be an assignment of the perjury, when part of the paper is or must be true, so that the defendant may be informed

of the specific charge he is to answer. Several assignments may be made, and if one is sustained by the proof, a conviction may follow, but each assignment must be specific.

It is stated in the affidavit that no book or paper was found "referring in the least to the matter", except those stated. Whether any paper referred to a particular matter, was in the nature of opinion, and cannot be assigned as perjury. *Com.* v. *Brady*, 5 Gray, 78. To what matter reference was had does not appear in the affidavit, and is not alleged in the indictment. To be sustained, the indictment must negative the matter sworn to which is alleged to be false, by special averment. That averment should be as to such parts as the prosecutor can falsify, admitting the truth of the rest. Archbold's Cr. Pr. & Pl. vol. 2, p. 965, and note; Wharton's Precedents, vol. 2, p. 577.

The third count in addition to charging the falsity of the affidavit generally, assigns the perjury in one clause, "I cannot take a single step in making more definite account," and alleges its materiality and falsity. The phrase may refer to an account being rendered or to be rendered to the probate court, in settling some estate. But the indictment shows that the defendant was not a party to the proceeding. He therefore could not render an account; he had no authority to do so. If he attempted it, the court would not be authorized to receive it. He was a stranger to the proceeding. The statement was literally true. It was immaterial to the issue between the parties, whether this defendant could render an account, or furnish the data for one. It was not his duty to do either. If it referred to an accounting by himself to the parties or either of them, it was matter of opinion. *Com.* v. *Brady*, supra. There is no allegation in this count from which the court can see its materiality to the issue, whatever it was, then pending.

<div style="text-align:center">*Exceptions sustained. Indictment quashed.*</div>