PHILLIP FUDGE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. That part of the indictment for perjury which expressly alleges the falsity of the testimony given by the accused is technically called the assignment. This is the gist of the offence, not mere inducement; consequently the allegation must be direct and specific, not in terms of uncertain meaning, or by way of implication.

2. It is necessary in an indictment for perjury to expressly and positively negative the truth of the alleged false swearing, by stating the facts by way of antithesis. A general denial that the testimony in question was false is not sufficient. In addition to an averment that the testimony of the accused was false, the indictment should also set forth the truth in regard to the matter at issue. Thus, after stating the substance of what was sworn to, the indictment proceeds: "Whereas in truth and in fact," adding wherein such matter was false.

3. The requirement that, in an indictment for perjury, it is necessary to make direct and specific allegations negativing the truth of the alleged false testimony by setting forth the true facts by way of antithesis is not a mere matter of form, but is

the very essence of the indictment, and necessary in order to inform the accused of the nature and cause of the accusation against him by setting out wherein or in what regard his testimony was claimed to be false.

4. Instead of saying merely that the accused was "sworn as a witness, etc., the indictment for perjury should allege at least that he was "duly sworn," or "in due form of law sworn," or words of equivalent import, especially where the indictment does not attempt to set forth the words of the oath.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Liddon & Carter,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

PARKHILL, J.—On the 19th day of June, A. D., 1907, the grand jurors empaneled and sworn in and for the Circuit Court of Jackson County returned into court an indictment in the words and figures as follows:

"In the name and by the authority of the State of Florida.

In the Circuit Court of the First Judicial Circuit of Florida, Spring Term, A. D., 1907.

The Grand Jurors of the State of Florida, sworn and inquiring in and for the body of the County of Jackson, upon their oaths do present that on the 8th day of May, A. D., 1907, there was then and there pending and on trial before the County Judge of Jackson County, Florida, in the County Judge's Court a certain cause, where-

in the State of Florida was plaintiff, prosecuting, and one Albert Cooper was defendant. That the charge against the said Albert Cooper was for unlawfully carrying a concealed weapon in said county of Jackson, State of Florida; that the said cause came on for trial before the said County Judge and a jury, on the 8th day of May, 1907; that the said County Judge's Court, and the jurors selected in said case then and there had jurisdiction to try said case and determine the guilt or innocence of the defendant; that before the selection of said jury and before the said trial was entered into by said jury, the said Albert Cooper had entered a plea of not guilty, to the aforesaid charge; that on the said 8th day of May, A. D., 1907, during the trial of said cause that Phillip Fudge was called and sworn as a witness in said cause, by the Honorable J. C. McKinnon, Judge of the said court, a person duly authorized to administer oaths; that after being so sworn as a witness in said cause, the said Phillip Fudge then and there testified and swore in substance as follows: 'I was present on the occasion inquired about (meaning the time and place when the said Albert Cooper was charged with having carried a concealed weapon) I was right with Albert Cooper; right with him, he had no pistol at the time and place, he drew no pistol and made no demonstration with any pistol whatever, there was no pistol drawn, he did not draw a pistol from his bosom;' that the said sworn statement and testimony of the said Phillip Fudge as then given in, was then and there false; that the said Phillip Fudge knew same to be false when he so swore and testified; that the said Phillip Fudge then and there knowingly, wilfully, designedly and corruptly swore falsely, as aforesaid in said cause and proceeding for the purpose and with the intention of deceiving and misleading the court and the jury who were then and there trying, and to determine

said cause, and for the purpose of causing a verdict of acquittal to pass and to be rendered in favor of the said Albert Cooper in said proceedings, contrary to the form of the statute in such cases made and provided, to the evil example of all others in like case offending and against the peace and dignity of the State of Florida.

J. Walter Kehoe, State Attorney for the First Judicial Circuit of Florida, Prosecuting for said State."

A motion to quash the indictment was overruled, the defendant plead not guilty, was tried and convicted. Motions in arrest of judgment and for new trial were overruled; the defendant was sentenced to the State prison for three years, and seeks relief here by writ of error.

The overruling of the motion to quash the indictment is assigned as error.

The defendant moved the court to quash the indictment on the ground, among others, that "there is no specific denial of the truth of the matter sworn to or any negativing of the truth of the matter sworn to."

That part of the indictment  for perjury which expressly alleges the falsity of the testimony given by the accused is technically called the assignment.  This is the gist of the offence, not mere inducement; consequently the allegation must be direct and specific, not in terms of uncertain meaning, or by way of implication.

It is necessary in an indictment for perjury to expressly and positively negative the truth of the alleged false swearing, by stating the facts by way of antithesis. A general denial that the testimony in question was false is not sufficient.  In addition to an averment that the testimony of the accused was false, the indictment should also set forth the truth in regard to the matter at issue. Thus, after stating the substance of what was sworn to, the indictment proceeds: "Whereas in truth and in fact,"

adding wherein such matter was false.    Especially must the indictment so negative the truth of the alleged false statement when the false matter consists of several distinct and separate propositions.

An illustration of the proper practice in this regard is found in the case of Commonwealth v. Still, 83 Ky. 275, where it is said: "It being charged in an indictment for false swearing that the defendant testified falsely that he did not see a game of cards played at a particular time and place, it was not sufficient to state merely that his statements were false, and known by him to be false, but it should have been averred that the accused did see the game of cards played at the time and place mentioned." In commenting upon the case of Commonwealth v. Still, the Court of Appeals of Kentucky in Ferguson v. Commonwealth, 8 Ky. Law 257, 1 S. W. Rep. 435, said: "It is urged that this case is unlike that one, in this, to-wit, that there the accused had testified negatively to a matter, as that he did not see the gaming charged in the indictment, while here he testified affirmatively to an alleged transaction. We, however, perceive no ground for a distinction in the two cases; and whether the accused has sworn affirmatively or negatively to a matter, the indictment must by special averment negative such matter, and not simply allege its falsity in general terms." See, also, 30 Cyc. 1437; 16 Ency. Pl. & Pr. 338; 2 Bishop's New Cr. Proc. § 918; 2 Wharton's Cr. Law, § 1300; Hughes' Cr. Law & Proc. § 1640; McLain on Crim. Law, § 880; Archbold's Cr. Pr. & Pl. 1733; Gabrielsky v. State, 13 Tex. App. 428; Burns v. People, 59 Barb. (N. Y.) 531; Gibson v. State, 44 Ala. 17; State v. Lea, 3 Ala. 602; Thomas v. State, 54 Ark. 584, 16 S. W. Rep. 568; State v. Ela, 91 Me. 309, 39 Atl. Rep. 1001; Stefani v. State, 124 Ind. 3, 24 N. E. Rep. 254.

While the whole oath or false statement may be set forth in the indictment, as seems to be the case here, it is necessary specifically to designate and contradict the part which is false, since a part of it may be true. Gibson v. State, *supra*. And so, while the indictment alleges the defendant swore that he was present on the occasion inquired about and was with Albert Cooper and that said statement was false, yet the evidence for the State proves that the defendant was in the buggy with Cooper. In this connection the court in Gabrielsky v. State, *supra*, well said: "We think this assignment of the perjury is an important and essential portion of the indictment, more especially where, as in this case, the alleged false matter consists of several distinct and separate propositions. It is a fundamental right of the defendant to be informed by the indictment, in plain and intelligible words, of the nature of the charge against him, and with that degree of reasonable certainty which will enable him to prepare his defence. He should be told in the indictment wherein and to what extent the statements alleged to have been made by him were false, that he may know certainly what he is called upon to answer." Elsewhere in the opinion it is said: "These several items or propositions are not so connected as to make the falsity of one the falsity of all. After setting out the alleged false statements, the allegation is that the same were willfully and deliberately made by Louis Gabrielsky and that the same were false, and that the said Louis Gabrielsky well knew the same to be false at the time he made same. * * * At common law, all the authorities hold this to be insufficient, and we have been unable to find a single precedent, either at common law or in our own State, where the assignment of perjury has been dispensed with." In Turner v. State, 30 Tex. App. 691, 18 S. W. Rep. 792, it is said that the general averment that the statement as-

signed as perjury was false is a conclusion of the plead-
er, rather than an averment of the facts which constitute
the perjury.

In State v. Nelson, 74 Minn. 409, 77 N. W. Rep. 223,
where in a prosecution for perjury, the indictment set
out in extenso the testimony of the defendant, consisting
of a number of distinct and separate statements of fact,
followed by a general allegation that all of this testi-
mony was false, but contained "no assignment of per-
jury," that is, no special averments negativing any of the
facts alleged to have been falsely deposed, or specifying
wherein they were false, the court held that the indict-
ment did not inform the accused of "the nature and
cause of the accusation" against him, within the mean-
ing of Article 1, § 6 of the Constitution of the State.
On page 412 of the opinion, it is said: "Nothing is
better settled than that at common law it was absolutely
necessary, in an indictment for perjury, to make direct
and specific allegations negativing the truth of the al-
leged false testimony, by setting forth the true facts by
way of antithesis, and that a mere general allegation that
the testimony was false was not sufficient. This require-
ment was not technical or a mere matter of form, but
of the very essence of the indictment, and necessary in
order to inform the accused of the nature and cause of
the accusation against him, by setting out wherein or in
what respect his testimony was claimed to be false. This,
as a general rule at least, is the only way by which he
could be fully informed of the nature and cause of the
accusation against him. This will be apparent to any
lawyer on a moment's reflection, without our resorting
to illustrations. It will, of course, be more apparent
when the alleged false testimony consists of a complex
statement of facts than when it consists of a simple
statement of a single fact."

In State v. Lea, *supra*, the Supreme Court of Alabama said: "The object of the assignment, then, is to apprise the defendant of the precise matter in which the perjury is said to consist, and in this connection it apprises him with certainty of the exact point upon which he must be prepared. In this view, it becomes of the utmost importance that the assignment should precisely contradict the matter sworn to." And further on in the opinion, the court quotes approvingly the language of Lord Ellenborough, in King v. Perrott, 2 M. & P. 379, as follows:

"The convenience also of mankind demands, and in furtherance of that convenience, it is a part of the duty of those who administer justice, to require that the charge should be specific, in order to give notice to the party, of what he is to come prepared to defend, and to prevent his being distracted amidst the confusion of a multifarious and complicated transaction, parts of which only are meant to be impeached for falsehood."

For the reasons stated the indictment is fatally defective for want of a proper assignment of the perjury. We think, instead of saying merely that Fudge was "sworn as a witness," etc., the indictment should allege at least that he was "duly sworn." or "in due form of law sworn," or words of equivalent import, especially since the indictment does not attempt to set forth the words of the. oath. 2 Bish. New Cr. Proc. § 912; State v. Mace, 76 Me. 64. At this time, however, it is unnecessary to say whether the indictment is fatally defective in this respect.

We will not consider in detail the many other objections presented by the motion to quash the indictment. Suffice it to say the whole indictment is inartificially drawn and may be reconstructed in accordance with the rules of good pleading by reference to the

forms that may be found in Robinson v. State, 18 Fla. 898; Markey v. State, 47 Fla 38, 37 South. Rep. 53, and in Bishop's Directions and Forms, § 871.

The judgment is reversed.

Per Curiam.

Mr. Justice PARKHILL being absent on account of illness the foregoing opinion prepared by him is concurred in as the opinion of the court and the judgment is reversed.