JESSE KING, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed October 17, 1919.

1. It is not necessary that an indictment under the statute (Sec. 3261 Gen. Stat.) for maliciously threatening to accuse another of any crime or offense with intent thereby to extort money or any pecuniary advantage should set out with technical accuracy the crime or offense of which the defendant is alleged to have threatened to accuse such other person.

2. To adopt a rule requiring the langauge employed in an alleged threat to be technically sufficient to make out the crime with the commission of which one is threatened to be charged,

would render the statute practically nugatory and would mean that however culpable such person might be, he should be exonearted, if in the langauge used in expressing the threat it should develop that he failed to include some element of the crime threatened to be charged.

A Writ of Error to the Circuit Court for Okaloosa County, A. G. Campbell, Judge.

Judgment affirmed.

*Walter Kehoe* and *Daniel Campbell*, for Plaintiff in Error.

*Van C. Swearingen*, Attorney General, and *D. Stuart Gillis*, Assistant, for Defendant in Error.

WEST, J.—Plaintiff-in-error, Jesse King, hereinafter referred to as the defendant, was convicted in the Circuit Court of Okaloosa County upon a charge of threatening to accuse another of crime and was sentenced to serve a term of four years at hard labor in the State prison.

He took write of error from this court and the principal contention made here is that the court erred in overruling defendant's motion to quash the indictment.

The indictment is based upon Section 3261, General Statutes of 1906, idem Florida Compiled Laws, and omitting formal parts is in the following form:

"The Grand Jurors of the State of Florida, lawfully selected, impaneled and sworn, inquiring in and for the body of the County of Okaloosa upon their oaths as Grand Jurors, do present that Jesse King on the 1st day of May in the year of our Lord, one thousand nine hundred and eighteen, at and in the County of Okaloosa, State of

Florida, did unlawfully and maliciously threaten to accuse Luke Brawner of the commission of a crime, to-wit: Carrying a pistol concealed, with intent to extort from the said Luke Brawner money."

The contention is that the indictment is defective and the order overruling the motion to quash is error because the language of the alleged threat is technically insufficient as a charge of carrying concealed weapons, under the statute, in that it does not affirm that such weapon was carried secretly on or about the person. Generally, the contention is, that in order to come within the meaning of the statute denouncing this offense the language employed in the alleged threat and by the person making it must be technically sufficient to make out the crime with the commission of which the other person is threatened to be charged. This contention is unsound. To adopt it would render practically nugatory the statute. It would mean that however culpable the person making the threat might be, he must be exonerated if, in the language used in expressing the threat, it should develop that he failed to include some element of the offense threatened to be charged to the person against whom the threat was directed.

In the case of Commonwealth v. Murphy, 12 Allen 449, the precise question here presented was passed upon by the Supreme Judicial Court of Massachusetts. The court said: "If such a rule were adopted, it would defeat the operation of the statute in many cases which would clearly come within the mischief which it is designed to remedy. The plain intent of the legislature was to prevent the extortion of money or the exercise of duress upon persons to their injury, by threatening to accuse them of some crime or offence. Such threats might be

expressed in very general or vague terms, without indicating the precise nature of the accusation or degree of crime intended to be embraced within the language used, and yet be equally efficacious in compelling the giving of money or the doing of some other act to the injury or prejudice of the person to whom it was addressed. In such cases it would be manifestly impossible to set out in an indictment with technical accuracy the exact offence of which the defendant had threatened to accuse another person. It could not have been intended that no threat of accusation of crime should be punishable which was not expressed in such words as to convey the idea that some distinct offence or specific charge of crime was embraced within their meaning. No such accuracy of allegation can be required under the statute." This, we think, is the true rule. The statute should be construed so as to advance, and not defeat, the object sought to be accomplished by it. The result is that this contention cannot be allowed.

What we have said disposes also of the assignment which challenges the correctness of the order overruling the motion in arrest of judgment.

The only other question presented is the alleged insufficiency of the evidence to sustain the verdict. It is not necessary to recite the evidence. We have carefully examined it and find that the verdict is amply supported by it. The judgment will, therefore, be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.