STATE OF FLORIDA ex rel. RICHARD REED AND SOLLIE GAY, *Petitioners*, v. J. S. BLITCH, Superintendent of the Florida State Prison Farm, *Respondent*.

Division B.

Opinion filed February 22, 1929.

*D. E. Knight,* for Petitioners.

BUFORD, J.—The petitioners were informed against in the Criminal Court of Record in and for Polk County. The information was in the following language:

In the Name and by Authority of the State of Florida.

J. H. Peterson, county solicitor for the County of Polk, prosecuting for the State of Florida in the said county, under oath, information makes that Sollie Gay, Sr., Sollie Gay, Richard Reed, Freddie McQueen, Fred Gadson, Phillip Ferguson, Charlie Henderson of the County of Polk and State of Florida, on the 7th day of September in the year of our Lord one thousand nine hundred and twenty-eight, in the County and State aforesaid, being lawfully required to depose the truth in a certain judicial proceeding in a court of justice, to-wit: the Municipal Court in the City of Lakeland, Florida, wherein, the City of Lakeland, Florida, was plaintiff and Sollie Gay, Sr., was defendant charged with a violation of the prohibitory liquor laws of the City of Lakeland, Florida, did unlawfully, wilfully and feloniously commit the crime of perjury by swearing falsely under oath, the said oath having been administered to each of the above named defendants by an officer duly authorized to administer oaths, to-wit: W. J. DeLoach, City Judge of the City of Lakeland, Florida, that Sollie Gay, Sr., was in Lake Wales, Florida, on the 3rd day of September, 1928, which said testimony was false and known by each of the said defendants above named to be false, and which testimony was material to the issues in the said judicial proceeding contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida.

J. H. PETERSON,
County Solicitor, Polk County, Florida.

The record shows that the petitioners pleaded guilty and were sentenced to serve a period of two years at hard labor. The certified copy of the record presented to this Court in that regard reads as follows:

In the Criminal Court of Record in and for Polk County, Florida.
State of Florida
      v.                No. 7635     Perjury
Sollie Gay, Sr., Sollie Gay,
Richard Reed, Freddie McQueen,
Fred Gadson, Phillip Ferguson
& Chas. Henderson.

The defendants in the above cause appeared before the court and being duly arraigned, did then and there, freely and voluntarily, enter pleas of guilty to said information and thereupon the court asked the defendants if they had anything to say why the sentence of the law should not be passed upon them, and they sayeth nothing:

It is, therefore, ordered and adjudged by the court, and the sentence of the court is that you, Sollie Gay, Sr., be imprisoned in the State Prison of Florida at hard labor for the term of three years.
This Sept. 28th, 1928.

It is, therefore, ordered and adjudged by the court, and the sentence of the court is that you, Sollie Gay, Richard Reed, Freddie McQueen, Fred Gadson, Phillip Ferguson and Chas. Henderson, each be imprisoned in the State Prison of Florida at hard labor for the term of two years. This Sept. 28th, 1928.

Having been sent to prison under a commitment duly issued, the petitioners applied to a justice of this court for a writ of *habeas corpus,* which was issued, and the cause

came on for hearing and was submitted to the court by the attorney for the petitioners and the office of the Attorney General. It will be observed that the information does not allege that the court in which the alleged oath was given was a court then and there having jurisdiction to try the cause in which the oath was taken and made.

It will be further observed that the false statement alleged to have been made under the said oath is not alleged in the information to have been in relation to, or a statement of, any fact material to the issues then being tried.

It will further be observed that the information totally fails to positively negative the truth of the alleged false swearing by stating the facts by way of antitheses.

It will further be observed that the information attempts to charge seven (7) persons jointly with the crime of perjury.

It will further be observed that there appeared in the records no judgment of conviction.

It is not necessary for us to go beyond the decisions of this Court for authority commanding us to make an order discharging the petitioners from custody.

In Ex Parte Amos, 93 Fla. 5, 112 So. R. 289, this Court say:

> If the acts charged constitute no offense, do not amount to a crime under the laws of the State, the court under whose process the complaining party is held is without jurisdiction to pronounce sentence or judgment; consequently, the detention of the party is illegal in such case.

In State ex rel Arnold v. Chase, 94 Fla. 1071, 114 So. R. 856, the Court adopted with approval the rule as enunciated in Ex Parte Amos, *supra*.

In Fudge v. State, 57 Fla. 7, 49 So. R. 128, this Court say:

It is necessary in an indictment for perjury to expressly and positively negative the truth of the alleged false swearing, by stating the facts by way of antithesis. A general denial that the testimony in question was false is not sufficient. In addition to an averment that the testimony of the accused was false, the indictment should also set forth the truth in regard to the matter at issue. Thus, after stating the substance of what was sworn to, the indictment proceeds: ''Whereas in truth and in fact,'' adding wherein such matter was false.

In Wilds v. State, 79 Fla. 575, 84 So. R. 664, the Court say:

In an indictment for perjury it is an essential allegation that the party charged was duly sworn and that the oath was administered to him by some one authorized by law to administer such oath, and it must appear that the court in which the perjury is alleged to have been committed had jurisdiction of the cause in which the testimony upon which the charge of perjury is predicated was given.

In Timmons v. State an opinion filed January 18, 1929, reported in 119 So. R. page 393, Mr. Justice Brown, quoting from the opinion in the case of Johnson v. State, 81 Fla. 783, 89 So. R. 414, says:

The judgment and sentence of the county judge's court, predicated upon the plea of guilty should have contained a definite adjudication of the defendant's

conviction followed by the sentence which the law imposes'', citing Harris v. State, 75 Fla. 527, 78 So. R. 526; Pensacola Lodge, etc., v. State, 74 Fla. 498, 77 So. R. 613, which support the proposition announced. In the case last cited the Court held that a judgment similar to the one under discussion was not a sufficient final judgment to support a writ of error. See also, Norwood v. State 80 Fla. 613, 86 So. R. 506. In a case of this kind, this Court, in Gordon v. State, 86 Fla. 255, 97 So. R. 428, said that in view of the fact that under the statute the second conviction raises a misdemeanor to the grade of a felony, ''a decent regard for the rights and liberty of the accused, however humble his station in life, ought to, and does, require that nothing less than a judgment of conviction, plainly setting forth the former offense, and adjudging the accused guilty thereof, will suffice as a basis for the second prosecution.''

For the reasons stated, it is held that the information in this case charged no offense against the laws of the State of Florida and was void as a basis for a criminal prosecution. That it would have been insufficient to have sustained a judgment of conviction had such judgment been entered.

We further find that no judgment of conviction is shown to have been entered against the petitioners and, for the reasons stated, they are unlawfully restrained of their liberty. It is ordered and adjudged that the petitioners, and each of them, be discharged from custody.

WHITFIELD, P. J., AND GIBLIN, Circuit Judge, concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.