**ROBERT RITTER v. DeWITT SINCLAIR, as Sheriff of Polk County, Florida.**

17 So. (2nd) 97
March 10, 1944

January Term, 1944
Division A

*H. E. Oxford* and *J. Lewis Hall,* for petitioner.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for respondent.

ADAMS, J.:

On return to writ of habeas corpus it appears that petitioner is held by virtue of a judgment of conviction of perjury on an information charging that:

". . . . Robert Ritter . . . . of the County of Polk and State of Florida, on the 3rd day of December in the Year of

our Lord, one thousand nine hundred and forty-three in the County and State aforesaid in the hearing of a cause in the Criminal Court of Record in and for Polk County, Florida, in which the State of Florida was Plaintiff and Fletcher Gilmore was defendant after being duly sworn to speak the truth, falsely swore that Fletcher Gilmore was not one of the fellows fighting in the Big Apple during the night of September 24, 1943 and that Fletcher Gilmore was not inside the Big Apple that night, such matter being material in said cause and the said Robert Ritter then and there knowing that he swore falsely."

There was a second count but it is not materially different from this one. The information was filed to conform with the statutory form in 923.03, F.S.'41, F.S.A.

Petitioner insists that the charge is fatally defective in not alleging any assignment; that is, it does not aver by direct and positive allegation that the testimony given was false. This position would have been well taken before the enactment of the Criminal Procedure Act. Fudge v. State, 57 Fla. 7, 49 So. 128.

Alabama has a similar statutory form and in that state an indictment in the statutory form has been held sufficient. Capps v. State, Ct. Appls. Ala., 194 So. 689. We know of no reason why the Legislature cannot prescribe the form of a charge so long as the constitutional rights of the accused are safeguarded. The charge here is sufficiently elaborate to apprise the petitioner of the exact nature of the accusation, thus conforming to our constitutional requirements. Sec. 11, Declaration of Rights, Florida Constitution.

The extent of our inquiry on habeas corpus is whether the information wholly fails to charge a crime, otherwise the aggrieved party is left to his other remedies provided by law.

Our judgment is that the petitioner be remanded to custody.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.