MATHEWS, Justice.
This is a habeas corpus proceeding growing out of the conviction of the petitioner under the provisions of F.S. § 836.05, F.S.A.
The petitioner questions the sufficiency of the information and of the proof. Defects in an information- ,are not subject to attack in a habeas corpus proceeding , unless the defects are of such magnitude that the information utterly fails to charge . any crime or offense under the laws of the State of Florida. See Locklin v. Pridgeon, 158 Fla. 737, 30 So.2d 102; Ex parte Stirrup, 155 Fla. 173, 19 So.2d 712; Ritter v. Sinclair, 154 Fla. 272, 17 So.2d 97; Craton v. Sinclair, 152 Fla. 292, 11 So.2d 475.
The sufficiency of the evidence would-be a-proper subject to be reviewed on appeal but not on habeas corpus in this *49 Court. Atkinson v. Powledge, 123 Fla. 389, 167 So. 4.
The information in this case contained two paragraphs and was based upon the provisions of F.S. § 836.05, F.S.A. The first paragraph contained the charge that the petitioner “did unlawfully and feloni-ously, verbally and maliciously, threaten to accuse Iwan Bonk of an offense, to-wit: unlawfully taking the sum of $20,000 in Canadian money out of the Dominion of Canada and into the United States of America,” and the second paragraph charged that the petitioner did "verbally and maliciously threaten to cause the deportation of the said Iwan Bonk from the United States of America tó the Dominion of Canada, with intent thereby to extort money * * * from the said Iwan Bonk.”
The petitioner árgues that with reference to the laws of Canada concerning transferring of Canadian money, F.S. § 92.032, F.S.A. applies and should have been complied with. Even if the question of evidence was a proper question to be considered in a habeas corpus' proceeding, F.S. § 92.032, F.S.A. was not applicable and F.S. § 92.02, F.S.A. was applicable. It appears that F.S. § 92.02, F.S.A., was fully complied with.
The real question in this case is whether or not the information charged any crime or offense denounced by F.S. § 836.05, F.S.A., which is as follows:
“Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person or property of another, with intent thereby to extort fnoney of any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act against his will, shall be punished by imprisonment in the state prison not exceeding ten years.”
The petitioner contends that the information does not charge a' crime or an offense against the laws of the State of Florida because the information shows that the threat, if any, was to accuse the petitioner of a crime or offense denounced by the laws of Canada, and a crime or offense against the laws of Canada could not be made the basis of a prosecution in Florida under the provisions of F.S. § 836.05, F.S.A.
The quoted section is divided into several parts and a malicious threat to accuse another of any crime or offense' is only one part of the section. .If that' part of the Section was deleted, then it would read as follows:
“Whoever, either verbally or by a written or printed communication, * * maliciously threatens cm injury to the person or property of another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to- compel the person so threatened, or any other person, to do any act against his will, shall be punished by imprisonment in the state prison not exceeding ten years.” (Emphasis supplied.)
The information does not allege that the threat was made in Canada but that the threat was made in Lee County, Florida.' It charged that the petitioner “did unlawfully and feloniously, verbally and maliciously threaten to accuse Iwan Bonk of an offense, to-wit: unlawfully taking the sum of $20,000 in Canadian money out of the Dominion' of Canada and into the United States of America”. The information did not 'stop there; but it further charged that the petitioner “verbally and maliciously threaten [ed] to cause the deportation pf the said Iwan Bonk from the United States of America to the Dominion of Canada, with intent thereby to extort money,” etc.
Under F.S. '§ 836.05, F.S.A., threats to accuse a person of an offense, or to do him an injury to his person or property may not be a crime unless the same is done “with intent to compel the person so threatened, or any other person, to do any act against his will”. The information specifically alleged that the threat to cause deportation was made maliciously with the intent to extort money.
*50 The threat to cause deportation as alleged in the information for the purpose of extorting money was sufficient to constitute a crime under F.S. § 836.05,. F.S.A., because it was a threat made with intent “to compel the. person so threatened * * * to do an(y) act against his will.” The fact that the information also contained an allegation that the unlawful taking of a sum of money out of Canada was the basis of the threat to have him deported simply adds another reason calculated to put Bonk in fear of injury to his person, and by reason of such fear, compel him to do an act against his will, that is, pay over $19,274.
A conviction of extortion was before this Court in the case .of King .v. State, 78 Fla. 384, 83 So. ?8, in which this Court said:
“The contention is that the indictment is defective, and the order' overruling .the motion to . quash is error, because the language of the alleged threat is technically insufficient as a charge of carrying concealed weapons, under the statute, in that it does not affirm that such weapon was carried Secretly on or about the person. Generally, the contention is that, in order to come within the meaning of the statute. denouncing this offense, the language employed in the alleged threat and by the person making it must be technically sufficient to- make out the crime with-the commission of which the other person is threatened to be charged. This contention is unsound. To adopt it would render practically nugatory the statute. It would mean that, however culpable the person making the, threat might be, he must be exonerated, if, in the language used in expressing the threat, it should develop that he failed to include some element of the offense threatened to be charged to the person against whom the threat was directed.
* * ,* * * *
“This, we think, is the. true rule. The statute should be construed so as to. advance, and not defeat, the object sought to be accomplished by it. The ■ result is that this .contention cannot . be allowed.”
See also 22 Am.Jur., Art. on Extortion and Blackmail, Sec. 18, p. 238.
The writ heretofore issued in this cause be, and the same is hereby, quashed, and the petitioner be, and -he is hereby, remanded to the custody of Nathan Mayo, as Prison Custodian of the State of Florida.
ROBERTS, C. J., and TERRELL, SE-BRING and HOBSON, J-J., concur.
THOMAS and DREW, JJ., dissent.