ALLEN, Judge.
This is an appeal from an order of the Judge of the Criminal Court of Record in and for Hillsborough County, quashing an information which charged George Fabian with perjury. The State appeals, the parties being referred to herein as they stood before the trial court.
The information filed in the cause below read as follows:
“Case No. 44241
“In The Criminal Court of Record of The County of Hillsborough and State of Florida.
“The 6th day of Inly, June Term, 1956.
“The State of Florida v. George Fabian
Perjury
“In the 'Name and By The Authority of The State of Florida:
“Paul B. Johnson, County Solicitor for the County of Hillsborough, State of Florida, under oath, Information makes : That on the 9th day of January, A. D. 1956, there was then and there pending in the Criminal Court of Record of the County of Hillsborough and State of Florida, a certain cause, wherein the State of Florida was plaintiff, prosecuting, and one George *179 Fabian was defendant. That the charge against the said George Fabian was four (4) separate counts of violation of the lottery laws of the State of Florida. That subsequent to the filing of the Information in which the said George Fabian was charged with violating the lottery laws of the State of Florida, the said defendant did file in said cause an amended motion to quash search warrant and suppress evidence. That said amended motion to quash search warrant and suppress evidence came on to be heard and was heard on said date, to-wit: the 9th day of January, 1956, before the Honorable L. A. Grayson, Judge of the Criminal Court of Record of the County of Hillsborough and State of Florida; That the said Criminal Court of Record and the Honorable L. A. Grayson, Judge of said Court, then and there had jurisdiction to hear and determine said amended motion to quash search warrant and suppress evidence. That during the hearing on said motion, the said George Fabian then and there became and was a witness in his own behalf in said cause, and was then and there duly sworn according to law by and before the Honorable Herbert E. McLeod, Deputy Clerk of the said Criminal Court of Record of the County of Hillsborough and State of Florida, to depose and speak the truth in said cause, the said Deputy Clerk having then and there lawful and competent authority to administer such oath. That thereupon the said George Fabian, being so sworn as aforesaid to speak the truth as aforesaid, wickedly, contriving and intending to cause and procure the said Court to grant his said amended motion to quash search warrant and suppress evidence, he, the said George Fabian, did then and there wilfully, falsely, wickedly, knowingly, maliciously and corruptly and by ■ his own consent upon his oath aforesaid, in the County and State aforesaid, ¿nd on the day aforesaid, depose, swear and give evidence before the said Court and said Judge as aforesaid in substance, tenor and effect, among other things, as follows, to-wit:
“That he, the said defendant, George Fabian, prior to his arrest for the said lottery law violations, and on or about November 1, 1955, had a definite understanding with Rudolph Mora for said defendant to rent from Rudolph and Matilda Mora the premises located at 1860 Twenty-fourth Avenue, Tampa, Florida, which was then and there being occupied as a home by the said Rudolph and Matilda Mora; that he, the said George Fabian, was to use the said premises during the day time and was to pay the sa.id Rudolph and Matilda Mora the sum of Twenty Dollars ($20) per week for the use thereof;
“Whereas, in truth and in fact the said defendant, George Fabian did not on said date or at any time have a definite understanding or, in fact, any understanding with the said Rudolph and Matilda Mora or either of them to rent or use said premises located at 1860 Twenty-fourth Avenue, Tampa, Florida, as aforesaid;
“That the matters aforesaid so wil-fully, falsely, wickedly, knowingly, maliciously and corruptly sworn into substance, tenor and effect by the said George Fabian were then and there material to the issues in the hearing-on said motion and the same were false and untrue and the said George Fabian well knew that the said testimony was false and untrue at the time he, the said George Fabian, so testified. So the County Solicitor aforesaid, upon his oath aforesaid, does say that the said George Fabian, at the time and in the County and State aforesaid, did commit the crime of perjury against the peace and dignity *180 of the State of Florida, and contrary to the statute in such cases made and provided.”
The defendant filed a motion to quash on the ground, among several others, that the information failed to charge either a statutory or a common law offense.
The lower court, in its order granting the motion to quash the information, did not indicate the ground or grounds upon which the order was granted.
In the case of Shelton v. State, 1946, 157 Fla. 482, 26 So.2d 444, the Florida Supreme Court held that an essential element of the crime of perjury is that an untrue statement be made under oath with reference to some matter material to the main or a secondary issue; and that a matter is material to a main or a secondary issue so that an untrue statement made with reference thereto will constitute perjury if it can influence the tribunal on the issue before it.
In the case of Hall v. State, 1939, 136 Fla. 644, 187 So. 392, 396, the Florida Supreme Court said:
“The information, at the pleader’s election, may either aver directly that the testimony falsely deposed was material to some issue on trial, or else allege facts from which its materiality will in law appear. Brown v. State, 47 Fla. 16, 36 So. 705; Tindall v. State, 99 Fla. 1132, 128 So. 494; Gibson v. State, 47 Fla. 34, 36 So. 706; Annotation in 80 A.L.R. 1443. We are of the opinion that, under this rule, the materiality of the false statements was sufficiently alleged.”
Section 923.03, Florida Statutes, 1955, F.S.A., contains a number of suggested indictments and informations, among which is the following:
“(e) As to perjury:
“In the hearing of a cause in the -court of-County, Florida, in which-and others were plaintiffs and --• others were defendant, after being duly sworn to speak the truth, falsely swore, etc. (stating the substance of the false testimony) such matter being material in said cause, and the said - then and there knowing that he swore falsely.”
The Florida Supreme Court, in the case of Ritter v. Sinclair, 1944, 154 Fla. 272, 17 So.2d 97, 98, held that the following information charged perjury with sufficient elaboration to apprise the defendant of the exact nature of the accusation and to conform to the statutory form:
“ * * * Robert Ritter * * * of the County of Polk and State of Florida, on the 3rd day of December in the Year of our Lord, one thousand nine hundred and forty-three in the County and State aforesaid in the hearing of a cause in the Criminal Court of Record in and for Polk County, Florida, in which the State of Florida was Plaintiff and Fletcher Gilmore was defendant after being duly sworn to speak the truth, falsely swore that Fletcher Gilmore was not one of the fellows fighting in the Big Apple during the night of September 24, 1943 and that Fletcher Gilmore was not inside the Big Apple that night, such matter being material in said cause and the said Robert Ritter then and there knowing that he swore falsely.”
In the above case the Court said:
“Petitioner insists that the charge is fatally defective in not alleging any assignment; that is, it does not aver by direct and positive allegation that the testimony given was false. This position would have been well taken before the enactment of the Criminal Procedure Act. Fudge v. State, 57 Fla. 7, 49 So. 128, 17 Ann.Cas. 919.
“(1, 2) Alabama has a similar statutory form and in that state an indictment in the statutory form has been *181 beld sufficient. Capps v. State, 29 Ala.App. 192, 194 So. 689. We know of no reason why the legislature cannot prescribe the form of a charge so long as the constitutional rights of the accused are safeguarded. The charge here is sufficiently elaborate to apprise the petitioner of the exact nature of the accusation, thus conforming to our constitutional requirements. Sec. 11, Declaration of Rights, Florida Constitution.”
We are of the opinion that the information conformed in substance with the statutory form and was therefore sufficient. The lower court should have overruled the motion to quash.
Reversed.
SCANNER, C. J., and PLEUS, J., concur.