210 So.2d 18 (1968)
David SHIFRIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 67-199.
District Court of Appeal of Florida. Third District.
March 5, 1968.
On Rehearing May 10, 1968.
*19 Barry L. Garber, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
The appellant was tried by jury and found guilty of perjury. This appeal follows. The charges against him were set forth in an information based upon a grand jury indictment.
His first challenge on appeal is directed to the composition of the Dade County Grand Jury, Spring Term, 1966. He contends that it was not properly selected and empaneled in accordance with the requirements of Chapter 57-550, General Law of Florida.
He contends that the record shows that the Grand Jury Commission did not properly investigate the backgrounds of the prospective grand jurors; that such investigation is mandatory and the failure to do so is fatal and reversible error, in this case. Section Six of the statute requires the Grand Jury Commission to make such investigation as it may deem necessary to determine the qualifications and moral fitness of persons to serve upon the Grand Jury. It appears, therefore, that the manner and extent of the investigation into the qualification of prospective grand jurors rests in the discretion of the Jury Commissioner. No abuse of that discretion has been shown. In addition, there has been no showing, or proof, that any of the persons who served on this Grand Jury lacked the qualifications required under the statute. No error has been shown in this regard.
Appellant next contends that there was insufficient evidence of perjury and that the trial court erred in denying his motion for directed verdict, at the close of the *20 state's case and in permitting the issue of perjury to go to the jury.
A verdict should not be directed unless it is apparent that no legally sufficient evidence has been submitted upon which a jury could find otherwise. Fouts v. State, 101 Fla. 1248, 133 So. 81 (1931); Stalnaker v. State, 133 Fla. 671, 183 So. 294 (1938). There was, in this case, sufficient evidence of perjury to warrant the denial of the defendant's motion for a directed verdict at the close of the state's case.
The appellant finally seeks reversal on the ground that the information herein was defective on its face for failure to set forth the true facts in regard to the claimed perjury. He relies on State ex rel. Reed v. Blitch, 97 Fla. 260, 120 So. 355 (1929); and Fudge v. State, 57 Fla. 7, 49 So. 128 (1909). The Supreme Court therein generally agreed that an indictment for perjury must set forth the truth in regard to the matters at issue.
The appellant, however, never raised this point as a ground in his motion to quash the information. Fla. Stat. § 909.03, F.S.A. requires that the motion "shall specify distinctly the ground of objection relied on." If a defendant does not timely and properly raise his objections to the information by a motion to quash before or at the time he pleads he is deemed to have waived them. Fla. Stat. § 909.06, F.S.A.; La Barbara v. State, 150 Fla. 675, 8 So.2d 662 (1942). The appellant raised this specific ground for the first time in his motion for new trial.
In Hall v. State, Fla.App. 1965, 179 So.2d 372, it was held that the defendants, who did not attack the information until after the trial and return of the jury verdict, and who raised the alleged defect in the information for the first time in their motion for new trial, had waived such a defect.
We find this rule applicable to the instant case where the claim of an alleged defect in the information was raised for the first time after the jury verdict by the motion for new trial.
No reversible error having been demonstrated, the judgment and sentence are
Affirmed.

ON REHEARING GRANTED
PER CURIAM.
Appellant requests the right to supplement the record in order to show that a proper and timely oral motion was made to quash the information on the specific ground that it failed to allege the true facts in regard to the claimed perjury.
Appellee suggests that even if this is true, it would be of no importance, because of Fla. Stat. § 923.03, F.S.A.
We concur. The reliance by appellant for reversal on State ex rel. Reed v. Blitch, 97 Fla. 260, 120 So. 355 (1929) and Fudge v. State, 57 Fla. 7, 49 So. 128 (1909) is not warranted.
Under this statute it is no longer necessary to set forth in a perjury indictment, or information, the true facts in regard to the matters at issue. See Ritter v. Sinclair, 154 Fla. 272, 17 So.2d 97 (1944); Bazarte v. State, Fla.App. 1960, 117 So.2d 227; State v. Fabian, Fla.App. 1957, 97 So.2d 178.
We have previously affirmed the judgment and sentence appealed herein and there has been no valid reason shown to recede therefrom.
They are, therefore,
Affirmed.