**STATE v. STOCKSDALE.**
No. 75-670.
Circuit Court, Leon County.

August 5, 1976.

</div>

192

Donald S. Modesitt, Assistant State Attorney, for the state.

Douglas C. Kearney, Assistant Public Defender, for the defendant.

JOHN A. RUDD, Sr., Circuit Judge.

This cause came on to be heard upon defendant's motion to dismiss filed July 29, 1976, prior to trial in proper form. The court heard argument of counsel and, for reasons to be discussed herein, orders the information in this cause dismissed.

The defendant, Timothy D. Stocksdale, was charged in an amended information with one count of perjury in a judicial proceeding, F.S. 837.02, and one count of perjury by contradictory statements, F.S. 837.021.

### AS TO COUNT I

Count I is dismissed because the state, in its tardy response to this court's order requiring a statement of particulars, totally failed to allege the specific words the defendant uttered in allegedly committing perjury, and also failed to allege the truth of the matters about which the defendant allegedly falsely testified, *State ex. rel. Reed v. Blitch,* 97 Fla. 260, 120 So. 355 (1929) ; *Fudge v. State,* 57 Fla. 7, 49 So. 128 (1909) ; and *D'Alessandro v. State,* 116 Fla. 749, 156 So. 702 (1934). This is to be distinguished from *Shifrin v. State,* 210 So.2d 18 (Fla. 3rd DCA, 1968), wherein the record on appeal showed no timely challenge to these defects. Florida Statute 923.03 may have eased the state's burden in drafting a formal information, but does not purport to and cannot alter the substantive elements of the crime, especially when timely challenged by proper motion for statement of particulars as the defendant did here. The state's general traverse is insufficient since it simply denied everything in defendant's motion without specifying a single contradictory fact, *State v. Kemp,* 305 So.2d 833 (Fla. 3rd DCA, 1974).

### AS TO COUNT II

Count II is dismissed because F.S. 837.021 is unconstitutional as applied to this case, alleging perjury by contradictory statements *within a single proceeding,* contrary to Article I, §9, Florida Constitution, 1968, and the United States Constitution, Amendment 14, because violative of due process, as well as contrary to Article I, §9, Florida Constitution, 1968, and the United States Constitution, Amendment 5, because violative of the absolute right against compelling testimony by the accused. That there are other good and sufficient reasons shall also appear; but they are not precisely raised in this cause by the defendant.

#### A. COMPULSION OF TESTIMONY AND SERIAL PROSECUTION

The court finds that, in this case, the *only* way the defendant had available to rebut the allegation of perjury was by words under oath from his own mouth. The mere fact that he could not be *called* by the prosecution as a witness in this cause in no way diminished the aspect of *compulsion* of his testimony by the state through the unconstitutional process inherent in §837.021 at trial. No matter how artfully construed, the state obtains not just a presumption but absolute proof of perjury by the mere showing of contradictory material statements by their very antithetical nature, unless and until the accused yields his precious birthright and swears he believed each statement true at the time he made it, §837.021(4),F.S. Then, under proper cross-examination, the prosecution may obtain further statements upon which to base an addi-

tional charge of perjury by contradictory statements, leading to an endless cycle of serial prosecutions upon essentially the same matter. And since the jury need not find which of the statements is false because the state need not prove it, §837.021(3), there can never be raised any issue of res judicata or double jeopardy. Under this statute, a defendant could be on trial for perjury for so long as the prosecution persisted because each prosecution would yield a new statement contradictory to one given either in the original proceeding or proceedings or contradictory to one given on the same matter in a subsequent prosecution. Not even equitable estoppel would lie in bar since criminal proceedings are strictly at law, not in equity. (See *Salem v. State,* 305 So.2d 23 (Fla. 3rd DCA, 1974), cert. den. 315 So.2d 193 (Fla., 1975), for the issue of endless prosecution made possible by effectively compelling testimony from the accused. Judge Pearson's dissent on appeal overlooks the fact that the prosecution need not have proved which of the contradictory statements was false. See also *Saunders v. State,* 319 So.2d 118 (Fla. 1st DCA, 1975), and cases cited therein.)

### B. DUE PROCESS AND RATIONAL BASIS

The challenged statute is also unconstitutional as applied to this case because it violates due process substantively. The court finds that in this case, if either of the two contradictory statements was false, then the second statement was given to correct the falsity of the first. One infrequently considered constitutional requirement, often overlooked in the tumult of legislating, is that of substantive due process. That requires that every law be written to achieve an end which is within the limited power of the state to achieve, and that the means used to achieve that legitimate objective be rationally related to it. The other side of that is to say irrational and arbitrary means to even legitimate ends violate due process, *West Coast Hotel Co. v. Parrish,* 300 U.S. 379, 81 L.Ed. 703, 57 S.Ct. 578 (1937); *Miami Laundry Co. v. Florida Dry Cleaning & Laundry Bd.,* 134 Fla. 1, 183 So. 759 (1938).

In this case, the state contended one or the other statement was false and material. But the legitimate goal of our perjury statutes has been established in Wolfe v. State, 271 So.2d 132 (Fla., 1972) at page 134 —

> "Unless the alleged testimony given under oath is germane or material to the inquiry or charge, then its truthfulness is not the vital issue because *the purpose to be guarded against and the reasons for the punishment for perjury are to deter persons from testifying under oath to false statements in order to mislead the trier of the facts such as*

*the court or the jury or both and thereby to thwart and pervert justice.* It, therefore, becomes readily apparent that if the allegedly false statements are not material to the issue before the court and the jury, then it cannot have the effect of misleading the court and the jury in its deliberation and the reaching of its judgment of those issues."

(Italics added.)

If, then, a contradictory statement is made in the same proceeding to correct the falsity of the first, it would formerly have been held that the accused had purged himself of the act by giving the truth and preventing judicial reliance upon the lie, *Brannen v. State,* 94 Fla. 656, 114 So. 429 (1927). The same is true today. When a witness lies and then corrects his lie, he prevents judicial reliance upon the lie, thus preventing the same outcome the perjury laws seek to prevent; moreover, a corrected lie is a lie the court does not rely upon, is not influenced by, and is therefore not material. In correcting his own lie a witness acts just as does any other person who begins to commit a crime when he abandons the attempt and completely prevents the unlawful outcome: there is no completed actus reus.

This court is not unmindful of the opinion in *Brown v. State,* ........ So.2d ........ (Fla., 1976). Case No. 46, 228, slip opinion filed May 5, 1976. That case may be distinguished from this in that it involved contradictory statements in *two* proceedings, and there the defendant could have availed himself of the defense through testimony of others. It is possible, however, that the court's reliance upon *People v. Ricker,* 45 Ill. 2d 562, 262 N.E. 2d 456 (1970), may be misplaced in light of *Bell v. State,* 328 So.d 581 (Fla. 2nd DCA, 1976), wherein it was demonstrated that even directly contradictory statements do not entitle the state to a presumption that one or the other of them is false. Because the time, circumstances and knowledge of the accused when he made each statement could easily be different, the presumed proof of falsity is not based in reason or common experience. Only when the statements are virtually back-to-back is the presumption rational.

It can readily be seen that the only safe course for a witness who has committed perjury in a judicial proceeding is to persist in that perjury, because the provisions of §837.021 would punish him for contradicting that lie by telling the truth. The more honorable course would be that taken in *Salem,* supra, but the invocation of the right against self-incrimination certainly causes prosecutorial scrutiny of previous testimony for violations of §837.02. A law which has as its practical outcome the end result of encouraging persistence in perjury is in conflict with our constitutions and with the primary function of our courts, to ascertain **the truth.**